This was an action of ejectment tried at March term, 1815, of the Circuit Court of Bedford County. And it appeared from the record that Dorcas Merchant, by virtue of an actual settlement, on the 12th day of September, 1807, was entitled to an occupant claim of 300 acres. That on the 18th of March, 1808, a survey of this occupant claim was made for 300 acres, and on the 12th of September, 1810, an entry was made in her name and a grant issued thereon to James Clinton. It appeared also that on the 12th of September, 1809, Reuben M'Clarin entered 100 acres, not an occupant right by special entry, and obtained a grant thereon, dated the 17th of June, 1812. That the land contained in this last grant to M'Clarin, is covered by and included within the bounds of the former grant to Clinton. It also appeared that Dorcas Merchant and her husband Richard Venable on the 26th of December, 1809, assigned the whole of the interest to this occupant claim to John Merchant, and on the 29th of December, 1809, John Merchant assigned to James Clinton 135 acres of it by metes and bounds, and on the 17th of February, 1810, he assigned 100, another part thereof, to Reuben M'Clarin. Upon the trial of this cause, it appears by two bills of exceptions, signed and made part of the record, that the plaintiff had read in evidence his grant for the land in controversy, dated the 15th of December, 1810, and the entry on which it was founded, dated 12th of December, 1810, and proved the defendant in possession within the bounds of his grant. The defendant having read his grant covering the land in controversy, *Page 289 
dated the 171h of June, 1812, and his entry on which it was founded, dated the 12th of September, 1809, and was special; he, the plaintiff, then offered to read in evidence the survey made by and to the name of Dorcas Merchant to include her occupant claims for the purpose of making his title relate back to the date of the survey, which was objected to by the defendant's counsel, but was overruled by the Court, who permitted it to be received as evidence of title for the purpose above mentioned. The defendant then offered in evidence the assignment of Dorcas Merchant and her husband Richard Venable to John Merchant, and from John Merchant to himself for 100 acres, and offered to prove that the assignment included the land covered by his grant, to which the plaintiff's counsel objected, but the Court permitted them to be received in evidence. The plaintiff's counsel next moved the Court to charge the jury first, that the plaintiff's grant must relate to the occupant survey and give title to the plaintiff from the 18th of March, 1808. being the date thereof. Secondly, that neither the plaintiff's grant or defendant's grant could be connected with said assignments. Thirdly, that none of the said assignments ought to have any effect in this case. Fourthly, the plaintiff's grant could not be deemed void, because he had not proved the occupant's claim assigned to him. The Court, in his charge to the jury, stated that the plaintiff had produced a grant for 300 acres of land prior in date to that of the defendant, and the defendant had proved an entry of older date than the plaintiff's grant, which was admitted to be special for the same land covered by his grant for 100 acres, and that he was in possession of no other land within the bounds of the plaintiff's grant than was included in his own grant and entry. That the defendant's grant coupled with his entry so made prior to the date of the grant to the plaintiff, would by the general law give him a good title. The plaintiff, however, claims a right to avail himself of a special *Page 290 
privilege allowed by law to occupants, and has produced a survey made for Dorcas Merchant as an occupant, on the 18th of March, 1808, prior to the entry of the defendant. That he, the judge, was very doubtful whether a survey made on an occupant claim would be given in evidence in a court of law, but as on argument it had been admitted by the Court, the jury, on the present trial, ought to consider it as having been properly admitted. That the survey, as connected with the grant, would, as against the defendant, be considered as presumptive evidence of a good title, not only from the date of the survey, but from the date of the law giving a preference to occupants, but that this presumption might be destroyed or defeated by contrary proof. This led to an inquiry into the right of occupancy, which must necessarily be by oral or written testimony not of record. It is admitted that Dorcas Merchant was seated on the land included in the plaintiff's grant, on the 12th of September, 1807, and had an occupant claim to 300 acres. This personal right or privilege may by law be transferred. The judge further stated that the principal point to be determined by the jury from the evidence was, whether the occupant right of Dorcas Merchant to the 100 acres in dispute was vested in the plaintiff or not. If they found from the evidence it was vested in the plaintiff, then his title to this land would be the best, and ought to prevail in this suit. If, on the contrary, they found from the evidence that the occupant right was vested in the defendant, the plaintiff ought not to recover, or turn him out of possession. That if any person make a special entry for land to which another is entitled by the law, giving a preference to occupants before the time allowed to occupants to survey or apply their warrants has expired, and such enterer should purchase the claim of the occupant, it is not necessary for him to procure his grant as an occupant claim, but having by his purchase *Page 291 
extinguished the occupant claim, he may go on and obtain a grant on his entry, and his title will be as good as if no occupant claim had ever existed. And the judge, except so far as before stated, did not state to the jury that said assignment ought not to have any effect in this case; and he did not state to them that said assignment could not be connected with either of said grants; and he did not state to the jury that the grant of the plaintiff could not be deemed void, merely because the plaintiff had not proved on this trial an assignment of the occupancy to him before the emanation of said grant. And the plaintiff by his counsel, excepts to the admission of said assignments in evidence, and to the opinion of the Court as above stated.
Upon this record several questions are presented for the opinion of the Court, one is whether the plaintiff, upon his grant and entry, is entitled to prevail against the defendant's grant and entry. The entry of the plaintiff, made the 12th of December, 1810, shows it is upon an occupant claim for 300 acres. The Act of 1807 gives the right of preference to an actual settler, and in possession on the 12th of September, 1807, for the space of two years from and after the passage of the Act. And by the Act of April, 1809, the term of securing occupant claims is extended, and two years from the third day of December, 1809, is allowed to obtain grants for such lands as may have been surveyed and returned to the surveyor's office, under the authority of any former law. The plaintiff's grant issued on the 13th of December, 1810, on this entry recognizing it as an occupant claim. Upon the face of this entry and grant, a complete title is exhibited, and must authorize the plaintiff to recover if the defendant does not show a better. What title does he show? A common entry dated the 12th of September, 1809, and a grant thereon on the 17th of June, 1812. In common eases this latter title would prevail by the decisions of this court, that is, if the plaintiff's claim was on a *Page 292 
common warrant, unattached to an occupant claim, but being so attached, the Acts of 1807 and 1809 give it a preference for a certain time to all other claims. And within this time the plaintiff hath obtained his grant, and claims the benefit of the law. Hence another question arises: how ought this occupant claim to appear by proof? By evidence given in the cause? Or doth the entry and grant sufficiently show this? It is admitted on the record that Dorcas Merchant was an actual settler and in possession pursuant to the requisitions of the Act of 1807. But 1 am of opinion that the entry and grant are sufficient evidence of this, and that after a grant hath issued on an occupant claim, it must be deemed and taken to have properly issued, and that the officers of the government, intrusted by the law to make out the different parts of the title, would not have done so unless it had been correct conduct to do so. By the Act of 1807, the surveyor is directed upon application to survey the occupant claim. It must be presumed that he was made satisfied with the justness or correctness of the claim before he proceeded to make the survey. The law has not pointed out any mode by which the justice of correctness of the claim previous to the application of the party to the surveyor to make the survey, shall be ascertained; it therefore follows, as he is directed to do the first act upon the claim, he must be the judge of the correctness of the claim. For it never could be supposed that the Legislature intended their surveyor to make occupant surveys, merely upon request of a party alleging a right thereto, without the power of their officer to examine, and in the exercise of that power to control improper applications. This power of this officer is further illustrated by the act in the same section pointing out his duty upon making the entries on these claims. He is directed upon the party's procuring a good and valid warrant and delivering the same to him, to enter the said warrant, *Page 293 c. Who is to judge of the goodness or validity of the warrant? Not the party, surely, more than in the case of the claim, but the surveyor. No particular person or mode being pointed out to as certain this, it follows of course it must be done by the person who is directed to act upon it; that is, the surveyor. It surely never could be intended to be a question for the judiciary after the grant issued, to examine into the consideration thereof and determine the fact of settlement, the very first commencement of the business, and what very opportunely and properly could be done by the surveyor, the officer of the government, who is qualified to be a competent judge, and whose opinion and act should be conclusive thereon. Again, what differs the case of an entry and grant upon an occupant claim, from an entry and grant upon a preemption guard right or military warrant; when these claims conflict with each other, it is settled you can not deduce your title by going further back than the entry. When the legal title is completed by entry and grant thereupon according to the forms of law, all circumstances anterior in point of time are presumed which the law required to exist, to authorize the making of the entry, and emanation of the grant thereupon. In the case of pre-emption after entry, the having settled and made an improvement within the military reservation previous to the 1st of June, 1780, which gives the right of pre-emption, is not inquirable into. So, after the entry upon a guard right, the service performed by the party, upon a conflicting claim, can not be denied and averred against, neither is he bound to prove them. In like manner, after an entry upon a military claim, everything necessary to support the right is considered to be established. That a party was a soldier regularly enlisted; that he performed the duty of his station, and was regularly discharged; and it is expedient it should be so; the nature of human affairs requires it. There must be a stopping place for inquiry; *Page 294 
a point beyond which proof can not go, otherwise, the object of legal investigation would be defeated and men's rights be lost in infinity of circumstances. For example, suppose upon a question between two military claims, it were competent to go beyond the entry and contest the fact of service, the quantum of service, the regularity of the discharge, or any of those essential particulars, the aggregate of which constitute the claim. Now at the distance of thirty-four years at the least, after these things took place how difficult, how vexations, or rather how impossible would it be to produce anything like satisfactory proof in one case amongst many. It could not be done. Hence the law, by the decisions of our courts, adapting itself to the state of society and the circumstances of the country has deemed it expedient to foreclose all inquiry and investigation at law beyond the entry. And does not the same reasoning apply to occupant claims, and in them to the exclusion of all circumstances previous to the entry. In my opinion it does. The similarity between settlement rights of pre-emption, given by the Act of 1782, c. 3, see. 7, and the occupant right of actual settlement, given by the Act of 1807, c. 2, sec. 36, is so great that the difference is not distinguished, except that the one is more recent than the other. I can not therefore see any reason why the rule of decision in both should not be the same. It is therefore the opinion of this court that the entry and grant of the plaintiff appearing on the face of them, to be for an occupant claim, must be deemed and taken to be such, and to have relation to the commencement of the right on the 12th of September, 1807, and to have the preference to all conflicting claims upon common warrants from that time. But it is argued by the defendant in error, that in fact he is an assignee of a part of the occupant claim of Dorcas Merchant, to-wit, to the amount of 300 acres, which is included within and covered by his grant. And although his entry and grant do not show *Page 295 
this, being founded upon a common warrant; and although the assignment is only an act in pais; yet it extinguishes the right of the occupant claim, pro tanto; and this it is competent for the defendant to show in ejectment. To ascertain whether this argument be correct, it will be necessary to examine how far and for what purposes the law takes notice of assignees of occupant claims. By the Act of 1806, c. 3, sec. 2, the settler or his assignee, has given to him a preference of entry, upon complying with certain conditions. Where the assignee of the occupant is so far taken notice of as to be entitled to have an entry made in his own name and upon a proper case, the Court must so far regard him as an assignee and respect his rights. As upon a caveat, which was done at Carthage last term in the case of Morris and Gilliam. But under this act, after the entry he ceases to appear as an assignee of the occupant claim. The entry settles and disposes of all the intermediate questions, whether adjudicated upon by the common officer for this purpose, to-wit, the surveyor or by another tribunal upon a caveat. In either case, the entry under the act (I speak of it after adjudication, for before it is not a complete act) fixes the right of the occupant claim, and rests upon the same foundation of all other entries, being the first step of the title noticed in a court of law. The next act noticing occupant claims, is 1807, c. 2. sec. 36, which gives to the person having an actual settlement, and seated himself on vacant land, and been in possession thereof on the 12th of September, 1807 a preference for two years, c., to include his improvement. The act goes on and prescribes several regulations, and amongst others, that upon the occupants delivering to the surveyor a good and valid warrant it shall be his duty to enter in his book the warrant to be applied to the survey, and then to deliver to the parity the plat and certificate of survey and the warrant applied thereto, c., taking no notice of an assignee before *Page 296 
entry as in the other act. In sec. 45 of the act an assignee, not of any particular kind of claim, is brought into view as an assignee of the plat and certificate of survey; forbidding the transfer of an entry on the surveyor's entry book, and directing in all cases the surveyor to make the survey in the name of the party or his legal representatives, for whom the entry was made. It then directs the register to issue a grant to the assignee of the plat and certificate of survey, if the assignment is on the plat and certificate, and proved in open court of the county where the land lies, by two credible witnesses, or the acknowledgment of the party making the assignment, with the clerk's certificate of such probate or acknowledgment. By this act the assignee of an occupant claim is put on the same footing with the assignees of all other claims. It prescribes the manner and form of his becoming assignee, and the subject of the assignment, to enable the assignee to obtain a grant in his own name. Taking both these facts into view, either under one or under the other, the division of an occupant claim while in transitu from its first commencement by settlement to the completion of the title by grant, is not contemplated. Under the first act, whether the claim is in the occupant, himself, or in his assignee its integrity is preserved to the entry. Under the second act the entry is not assignable, and the transfer of the claim is by an assignment of the plat and certificate, which is an entire thing, the representative of the entry, and is passed to the register as his authority for issuing the grant. In none of these different stages is a transfer of part to an assignee contemplated or permitted, the owner retaining the residue, no doubt for the purpose of preserving the deduction of title as simple and as clear as possible, but also to prevent that confusion, obscurity and penplexity which would inevitably result from the division of claims at pleasure before they passed through the offices entire to a grant, It *Page 297 
follows from this view of the Act of Assembly that the assignment to the defendant Reuben M'Clarin on the 17th of February, 1810, by John Merchant, assignee of Richard Venable and his wife Dorcas, the occupant of one hundred acres, part of her occupant claim as exhibited in the record, is not such an assignment as forms a part of a legal title to an occupant claim; that a court of law can not notice it in this light, and that it ought not to have been admitted as evidence for the defendant on the trial below in this cause. It is not necessary in this place to notice whether any and if any, what equity the defendant has by this assignment against the lessor of the plaintiff, who, by an exhibit on the record appears to have a similar assignment from, the same John Merchant for 135 acres, part of the same occupant claim, and who, as it is stated in argument, without further interest, procured himself to be made the assignee of the plat and certificate of the occupant claim, thereby entitling himself to a grant which hath issued, and he now refuses to convey to the defendant the legal title to the 100 acres in the exhibit mentioned, as this court on the law side can not take it into consideration.
The next question is whether the occupant survey of Dorcas Merchant, the occupant, was admissible in this cause as evidence on the part of the lessor of the plaintiff. By the plaintiff it was contended that it was, that a survey of an occupant differs from a survey on other claims; that in other claims, the entry precedes the survey and is notice of the appropriation. But that in occupant claims, by the Act of 1807, the first act directed to be done is a survey; that it shall be made within nine months after passing the act, that a plat and certificate shall be made thereof by the surveyor, and recorded by him in his office, and upon the occupant procuring a warrant and delivering the same to the surveyor he shall apply it to the survey. From all which it is argued that the Legislature must have intended *Page 298 
the survey to be the inception of the title. That it is equivalent to entry in other cases as to giving notice of appropriation; and that directing it to be recorded is strong evidence of this intent in the Legislature. It has been decided in our courts that, in unfolding a legal title, the Court will not look beyond the grant and entry in common cases to show an appropriation, and we do not feel disposed to infringe upon that rule in the present case. This decision will not interfere with the case of Thompson and Norwood in the Federal Circuit Court when the Court inclined to the opinion that between two occupants, the survey may be substituted for the entry in exhibiting title; for the present case is between an occupant and a claimant under a common right. It is however to be observed, that, in the admission of a survey as evidence of appropriation, and in the case of a difference between it and the entry this consequence will follow, either that the entry will be controlled by the survey, and be shaped according to its contents which will change its nature as heretofore considered by our courts, or the survey will be made to hang out false colors and give incorrect or delusive information; on the present occasion we steer clear of this dilemma, and say the survey shall not be admitted as evidence.
Another question made by the record in this cause is, whether the plaintiff's grant could be deemed void merely because he had on the trial proved an assignment of the occupant claim to himself before the emanation of the grant? To this it is answered that the grant for want of proof of such an assignment is not void. Such proof is not only unnecessary, but improper. The grant in this cause by the act of issuing is evidence of its having issued properly, it appearing upon the face of it that the officers of the government received authority in such a case, and were within their duty. That its issuing to a different person from the occupant or owner of the entry, and this *Page 299 
appears from the face of the entry, that the grantee is assignee of the owners or owner of the entry. The Act of 1807, c. 2, sec. 45, above noticed, directs the transfer from the owner of the entry to be by assignment of the plat and certificate of survey, evidenced in a certain manner therein prescribed, which being complied with, the register is directed to issue the grant in the name of the assignee. This proceeding constitutes the register, the judge of the assignment, and of course, who is assignee, and having performed his duty in this respect, and executed his office, acted as the officer of the government authorized and appointed for this purpose by issuing the grant. The grantee, the lessor of the plaintiff, is the legal assignee of the occupant claim in this case, and the grant is conclusive evidence of it in a court of law.
These are the most material points that arise upon this record, and necessary to be noticed in deciding the cause. From all which it follows, that the verdict and judgment in this case be set aside, the cause remanded to Bedford Circuit Court, and a new trial to be had there, upon which the occupant survey of Dorcas Merchant shall not be given in evidence for the plaintiff, nor the assignment in the exhibit for the defendant.